THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
Northeastern Division—Grand Forks

| | |
|---|---|
| PADRAIC A. POWER, <br><br> Plaintiff, Pro Se, <br><br> v. <br><br> UNIVERSITY OF NORTH DAKOTA SCHOOL OF LAW: Kathryn R. L. Rand, Dean, (Official Capacity); Bradley Myers, Associate Dean, (Official Capacity); Admissions Committee, Undisclosed Members, (Official Capacities); <br><br> And <br><br> NORTH DAKOTA STATE BOARD OF HIGHER EDUCATION: KathleenNeset,Chair (Official Capacity); DonMorton,Vice Chair, (Official Capacity);KariReichert, Board Member, (Official Capacity); Kevin Melicher, BoardMember,(Official Capacity); Mike Ness,BoardMember, (Official Capacity); MikeHacker,Board Member, (Official Capacity); GregStemen,Board Member, (Official Capacity);NickEvans, Student BoardMember,(Official Capacity); Andy Wakeford, Staff Adviser, (Official Capacity); Prof.ErnstPijning, Faculty Adviser,(OfficialCapacity). <br><br> Defendants. | Case Number: 3:16-cv-338 |

## INTRODUCTION

Padraic A. Power, herein after plaintiff, files this action under the American With Disabilities Act of 1990, Title II, as amended ("Title II" and "ADA"), 42 U.S.C. §§12131-12134, and its implementing regulations 28 C.F.R. Part 35, as amended, after having been denied admission to the University of North Dakota School of Law, herein after defendant, two times starting in the summer of 2015.

## JURISDICTION AND VENUE

1

This court has jurisdiction under 28 U.S.C. §§ 1331 and 1345, and 42 U.S.C. §12133.

This Court has the authority to grant the relief sought under 42 U.S.C. §12133, and 28 U.S.C. §§2201 and 2202

Venue is proper in the Court pursuant to 28 U.S.C. §1391 because a substantial portion of the events giving rise to this cause of action took place within this district, and because the University of North Dakota School of Law's principal place of business is located in it.

## PARTIES

Defendant North Dakota State Board of Higher Education (SBHE) governs and controls the actions and sets the policies of the University of North Dakota School of Law, herein after UNDL. As an instrument of service of the State of North Dakota, the University of North Dakota School of Law is a public entity pursuant to 42 U.S.C. § 12131(1)(B) and 28 C.F.R. § 35.104, with its main campus located in the City of Grandforks in Grandforks County, North Dakota.

Padraic A. Power, a resident of North Dakota, is the plaintiff.

## FACTS

Padraic A. Power, hereinafter plaintiff, began communicating with various staff at the UNDL, hereafter defendant, mostly, but not limited to, the Admissions Office staff in early Sept 2014. He informed the staff of his prior law school experiences and asked what he need to do to gain admission, eg. LSAT score ranges for admission, GPA, letters of recommendation, ect.

During discussions, the plaintiff was informed his prior Law School Admissions Test, hereafter LSAT, scores were too old despite having scored a significantly higher score than the published school average. No exceptions on the test date requirement would be granted, he was told.

Finally, in June of 2015, the plaintiff began in earnest the process of applying for a seat in the Fall 2015 because the admissions office staff informed him that seats were indeed still available and all that was necessary was a fresh LSAT score within their range. Based upon this and other positive encouragement, the plaintiff booked a seat in the only region still offering the LSAT—Asia, specifically Tokyo, Japan.

Taking time off from work, the plaintiff flew to Tokyo took the test and returned to the US in one weekend at great expense and effort.

Scores were released by the Law School Admissions Council, hereafter LSAC, in July 2015, and the plaintiff's completed admissions file was then submitted to the admissions committee.

2

Plaintiff scored a 153, a significantly higher score than the defendant's published average; so much higher LSAC predicted his odds of admission at 100%.

As part of the defendant's application, the plaintiff was required to discuss his previous law school experiences at length. He had matriculated to two other law schools prior to 2004 and withdrew from both of them before earning any grades, leaving without incident or blemish. It was in this portion of the admissions application that he divulged his mental health condition, explaining his withdrawals in good faith and detail as requested.

In August 2015, the plaintiff was denied admission. He contacted the school and was told by the head of the admissions office that he was denied because his personal essay was too short. The admissions head even offered to proof read his next attempt.

Not satisfied with this answer, the plaintiff called Dean Kathryn R. L. Rand. While on the phone, Dean Rand perused the plaintiff's application, stating that his grades and LSAT were good, but then she fell silent and in a curt and abrupt manner, said that he should go to another law school and quickly got off the phone.

Undaunted, the plaintiff redid his essay, lengthening it to twenty pages or so, submitting it to the head of the defendant's Admissions Office for the review he offered. Upon hearing no reply, he resubmitted his application in December 2015 for the fall of 2016.

He was rejected again Feburary 2016.

He then filed a complaint with U.S. Department of Education Civil Rights Division. The investigation, initiated in March of 2016, is still ongoing.

## PRAYER FOR RELIEF

**Wherefore**, Padraic A. Power prays that the Court:

(1) Grants judgment in favor of the plaintiff and declares that University of North Dakota School of Law violated Title II of the ADA, 42 U.S.C. §§ 12131-12134 and its implementing regulation at 28 C.F.R. Part 35.
(2) Enjoins University of North Dakota School of Law, its officers, agents, employees, and all other persons and entities in active concert and participation with it from denying individuals with disabilities equal participation in and equal opportunity to benefit from its services, programs, and activities, or otherwise subjecting individuals with disabilities to discrimination.
(3) Awards compensatory damages in an appropriate amount to be determined at trial.
(4) Seeing that success here will imperil the plaintiff's academic future at the school, seeks damages that would at minimum freeze his educational costs to the defendant's prices while he attends any other institution that accepts him.

3

Dated: September 21, 2016

Respectfully submitted,

_____
Padraic A. Power,
Plaintiff, Pro Se